**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION**

| | |
|---|---|
| **In re:**<br><br>**MATTHEW P. HOFFMANN, JR.,**<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 15-14776 REF** |
| **MATTHEW P. HOFFMANN, JR.,**<br><br>Plaintiff<br><br>v.<br><br>**PARKSIDE TOWNHOME OWNERS' ASSOCIATION,**<br><br>Defendant | **Adversary Proceeding No. 15-530** |

**BRIEF IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Debtor and Plaintiff, Matthew P. Hoffmann, Jr., by and through his counsel, George M. Lutz, Esquire and Hartman, Valeriano, Magovern & Lutz, P.C., hereby files this Brief in Opposition to the Defendant's Motion to Dismiss Complaint, and in support thereof sets forth as follows:

In the Background section of its Memorandum of Law in support of Defendant Parkside Townhome Owners' Association's Motion to Dismiss Plaintiff's Adversary Complaint ("Defendant's Brief"), the Defendant states as follows:

> "On July 26, 2015, the Debtor filed an Objection to the Association's Proof of Claim (the 'Objection'). In the Debtor's Objection, the Debtor objected to the fees and costs found in the Association's Proof of Claim, but admits that Parkside

has a secured claim."

This statement is both a misstatement and a misleading statement of the Plaintiff's position in the Objection to Proof of Claim. It is a misstatement because nowhere in the Objection to Proof of Claim does the Plaintiff admit that Parkside Townhome Owners' Association has a secured claim. A true and correct copy of the Objection to Proof of Claim is attached hereto as Exhibit A and is incorporated herein by reference. The Court will not find the admission averred.

This statement is a misleading statement because the Defendant is alleging that because the Plaintiff impliedly acknowledged the secured status of the Plaintiff's claim, such acknowledgment is somehow a waiver of the Plaintiff's right to later argue that the Plaintiff's claim should <u>not</u> be a secured claim. Presently, the Association's lien exists, as the Plaintiff acknowledges in his citation, in Paragraph 10 of the Complaint, of the Pennsylvania Uniform Planned Community Act, 68 Pa.C.S.A. 5315 – the law that gives rise to the secured status of the claim. To prohibit a party from trying to strip off a junior lien, after having acknowledged only that it is a lien, would be to deny that party a well settled and substantial right available under the Bankruptcy Code and the cases interpreting the Code.

Defendant's positon in this regard is tantamount to stating that a complaint seeking to avoid a wholly unsecured 2nd mortgage on real estate can never succeed, because in the averments in the complaint, the Plaintiff acknowledges the existence of the 2nd mortgage.

In Section II.B. of the Defendant's Brief, Defendant states that "A plaintiff who has asserted and offered proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." As a statement of proper jurisprudence and applicable law, the Plaintiff agrees. However, as stated above, the Objection to Proof of Claim did not challenge the secured status of the Plaintiff's claim; rather, it challenged the reasonableness of

the various items set forth in the Proof of Claim.  When counsel for the Defendant itemized and explained those various items to counsel for the Debtor, counsel for the Debtor withdrew the Objection.  The issue of whether the Defendant's claim – admittedly a secured claim – could be rendered unsecured was not addressed in the Objection to Proof of Claim, could not properly *be* addressed in the Objection to Proof of Claim, and was left to another day.  Procedurally, an Objection to Proof of Claim is not the correct way to strip off a lien – that requires an adversary proceeding under Part VII of the Federal Rules of Bankruptcy Procedure.  The Complaint filed by the Plaintiff in the instant matter is that adversary proceeding.

The Defendant next argues that the Association's lien cannot be avoided under 11 U.S.C. 506.  It states that 11 U.S.C. 1322(b)(2) prevents "bifurcation" of a lien secured solely by the Debtor's residential real estate.  The Defendant is correct in this regard.  However, Plaintiff is not seeking a bifurcation of the lien into secured and unsecured components; rather, it is seeking avoidance of the lien in its entirety.

The Defendant cites <u>Nobelman v. Am. Sav. Bank</u>, 508 U.S. 324, for the proposition that 11 U.S.C. 1322(b)(2) "prohibits bifurcation of a claim secured '…only by a <u>security interest</u> in real property that is the Debtor's *principal residence…*'"  However, the United States Court of Appeals for Third Circuit, in its opinion in <u>In re Stephen J. McDonald</u>, 205 F.3d 606 (2000), actually followed the Supreme Court's reasoning in <u>Nobleman</u> to find that a lien that is *wholly unsecured*, as the Association's is, can be stripped off:

In <u>McDonald</u>, the bankruptcy Court and the District Court, following <u>Nobleman</u>, found that the 2nd mortgage, although wholly unsecured, could not be avoided.  The 3rd Circuit disagreed with the lower courts' interpretation of <u>Nobleman</u>:

> "In this appeal we must determine whether the so called 'antimodification provision' in 11 U.S.C. § 1322(b)(2) applies to a second, wholly unsecured mortgage on a Chapter 13 debtor's home. In Nobelman v. American Savings

> Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court held that a Chapter 13 debtor who had a single mortgage with an outstanding balance greater than the value of the debtor's residence could not divide the mortgage, pursuant to 11 U.S.C. § 506(a), into secured and unsecured parts and treat only the secured part as subject to the antimodification clause. According to Nobelman, the full outstanding balance of the mortgage is governed by the antimodification clause. Justice Thomas's opinion for the Court left unresolved, however, whether the antimodification clause applies to a second or junior mortgage if that mortgage is wholly unsecured by any remaining value in the residence.
>
> In interpreting Nobelman the Bankruptcy and District Courts both concluded that the second mortgage on the McDonalds' residence is subject to the antimodification clause, even if the value of their home is less than the outstanding balance of the first mortgage, leaving the second mortgage wholly unsecured. Because we conclude that this interpretation fails to take into account several strands of the Supreme Court's reasoning in Nobelman, we will reverse."

Accordingly, the Defendant's reliance on Nobleman is misplaced – the 3rd Circuit's opinion in McDonald controls, and allows the stripping off of the Association's lien.

Finally, in Section C, Subsections 2 through 5 of Defendant's Brief, the Defendant goes to great lengths to characterize the Association's lien as a "security interest lien." Defendant's Brief, Section C.3. It then cites 11 U.S.C. 1322(b)(2) as preventing the modification of such a lien.

As an interpretation of fact, the Plaintiff agrees with the Defendant's characterization of its lien. As a

matter of law, however, the Plaintiff repeats his assertion that McDonald controls, and allows the stripping of a wholly unsecured claim.  A wholly unsecured mortgage – a consensual, security interest lien, to use the Defendant's terms – can be stripped off under McDonald.  Using the same reasoning, because it is the same type of lien, the Association's lien can be stripped off also.

WHEREFORE, Plaintiff requests this Honorable Court to deny the Defendant's Motion to Dismiss Complaint.

**Date:**  January 8, 2016

**Respectfully submitted,**

**Hartman, Valeriano, Magovern & Lutz, PC**

**by:**   /s/ George M. Lutz

---

**George M. Lutz, Esquire
1100 Berkshire Boulevard, Suite 301
Wyomissing, PA  19610
Pa. Attorney ID No.: 46437**