UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| MATTHEW P. HOFFMANN, JR., | : | Case No. 15-14776REF |
| Debtor | : | Chapter 13 |
| | : | |
| MATTHEW P. HOFFMANN, JR., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 15-0530 |
| | : | |
| PARKSIDE TOWNHOME | : | |
| OWNERS' ASSOCIATION, | : | |
| Defendant | : | |

# ORDER

AND NOW, this 13 day of January, 2016, upon my consideration of Defendant's Motion To Dismiss Complaint and the briefs filed by the parties, and upon my finding that Defendant's Motion must be denied because the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Connelly v. Lane Constr. Corp., No. 14-3792, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted),[1]

---

[1] Both parties agree that Defendant is the holder of a consensual lien. Defendant first maintains that Plaintiff is barred from pursuing the relief requested in this Complaint (i.e. a determination under section 506 that Defendant's claim is unsecured) because Plaintiff previously withdrew his objection to Defendant's proof of claim. We agree with Plaintiff that this argument is misplaced because the basis of Plaintiff's objection to Defendant's proof of claim (which was a challenge to the reasonableness of fees and costs contained in the proof of claim) is not identical to the cause

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant shall file an Answer to the Complaint within twenty (20) days of the date of this Order.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

of action alleged in the Complaint (which is a cause of action attacking the secured status of Defendant's claim under section 506).

Defendant next maintains that the secured status of its claim may not be attacked under section 506 because its claim is allegedly protected by 11 U.S.C. §1322(b)(2) as a claim secured only by a security interest in Debtor's principal residence. We disagree. It is well established that a junior consensual lien that is wholly unsecured is unaffected by section 1322(b)(2) and may be stripped off under section 506. McDonald v. Master Fin., Inc. (In re McDonald, 205 F.3d 606, 611-12, 615 (3d Cir. 2000); see also Bartee v. Tara Colony Homeowners Assoc. (In re Bartee), 212 F.3d 277, 295-96 (5th Cir. 2000); In re Rones, 531 B.R. 526, 536-37 (Bankr. D. N.J. 2015).